1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                              DISTRICT OF NEVADA
8                                    * * *
9  PATRICK PHILIP DECAROLIS,              Case No. 2:14-cv-01379-KJD-PAL
10                          Petitioner,                ORDER
       v.
11
   BRIAN WILLIAMS, et al.,
12
                          Respondents.
13

14          This habeas matter under 28 U.S.C. § 2254 comes before the court on

15  respondents' motion to dismiss certain grounds in petitioner Patrick Philip DeCarolis'

16  *pro se* first-amended petition (ECF No. 21).  DeCarolis opposed (ECF No. 52),

17  respondents replied (ECF No. 36), and DeCarolis filed a sur-reply (ECF No. 37).

18      **I.      Procedural History and Background**

19          On December 2, 2010, a jury found DeCarolis guilty of count 1: burglary; count 2:

20  forgery; and count 3: attempted theft (exhibit 28 to motion to dismiss, ECF No. 21).[1]  On

21  January 4, 2012, following trial but prior to sentencing, DeCarolis moved to dismiss his

22  trial counsel for providing ineffective assistance.  Exhs. 40, 41.  The state district court

23  appointed new counsel for the limited purpose of reviewing DeCarolis' motion to dismiss

24  his trial counsel.  Exh. 43.  On February 27, 2012, the district court re-appointed

25  DeCarolis' trial counsel to represent DeCarolis at sentencing.  Exh. 45.

26

27

28  _____
   [1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 21, and are
   found at ECF Nos. 22-25.

On March 21, 2012, the state district court sentenced DeCarolis, pursuant to Nevada's small habitual criminal statute, to a term of 96 to 240 months for each of the three counts, to run concurrently.  Exh. 46, p. 23; *see* NRS 207.010.  Judgment of conviction was filed on April 5, 2012.  Exh. 55.  The Nevada Supreme Court affirmed the convictions on February 13, 2013, and remittitur issued on March 11, 2013.  Exhs. 82, 83.

On September 26, 2013, Decarolis filed a state postconviction habeas corpus petition.  Exh. 87.  The Nevada Supreme Court affirmed the denial of the petition on July 23, 2014, and remittitur issued on August 20, 2014.  Exhs. 118, 119.

DeCarolis dispatched his federal petition for mailing on August 20, 2014 (ECF No. 11).  On or about May 6, 2015, DeCarolis filed his first-amended petition (ECF No. 17).

Respondents now argue that certain grounds in the first-amended petition are subject to dismissal as procedurally barred or as conclusory (ECF No. 21).

## II.   Legal Standards & Analysis

### a.  Procedural Default

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either:  (1) contrary to clearly established federal law, as determined by the Supreme Court;  or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

**Grounds 1A and 2A**

As part of ground 1A, DeCarolis asserts that his Fifth, Sixth and Fourteenth Amendment rights were violated when two police detectives included false information in the declaration of arrest (ECF No. 17, pp. 6-10).

As part of ground 2A, DeCarolis contends that his Fifth, Sixth and Fourteenth Amendment rights were violated when State's witness Nicole Moran committed perjury during trial (ECF No. 17, p. 11).

The state district court summarily dismissed these claims in DeCarolis' state postconviction petition because they could have been raised in his direct appeal. NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Nevada Supreme Court affirmed the dismissal of these claims as procedurally barred. Exh. 118. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the

procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, the Nevada state courts' determination that federal grounds 1A and 2A were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground for the dismissal of those claims in the state petition.

DeCarolis argues, however, that the state procedural default should not bar his federal claims because he can show cause and prejudice to excuse the default (ECF No. 34, pp. 2-3). DeCarolis makes the bald, conclusory statement that he brought these claims to the attention of his appellate counsel, but counsel refused to raise these claims on direct appeal. Moreover, while ineffective assistance of counsel may constitute cause for procedural default, to satisfy exhaustion principles, the ineffective assistance of counsel claim must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986); *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1966); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). *See also Edwards v. Carpenter*, 529 U.S. 446 (2000). DeCarolis did not did not give the state courts an opportunity to consider whether appellate counsel was ineffective for not raising on direct appeal the issues now set forth as federal grounds 1A and 2A. *See* exh. 87; exh. 101, p. 12; *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2004). Accordingly, ineffective assistance of appellate counsel for failing to raise federal grounds 1A and 2A cannot serve as cause to overcome the procedural default of these grounds.

DeCarolis also argues that the failure to consider these federal grounds will result in a fundamental miscarriage of justice because he is actually innocent (ECF No. 34). To demonstrate a fundamental miscarriage of justice, a petitioner must show that "the constitutional error of which he complains has probably resulted in the conviction of one who is actually innocent." *Bousely v. United States*, 523 U.S. 614, 623 (1998). "Actual

innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted" the petitioner. *Id.* at 623.  A petitioner can establish "actual innocence" by presenting this court with new evidence raising sufficient doubt that "undermine[s] confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his opposition, DeCarolis claims, without providing evidence or citing to the state-court record, that the arresting detectives committed perjury during his arrest and trial (ECF No. 34, pp. 5-7).  He further alleges, again without supporting evidence, that the arresting detectives coached a state witness on how to testify in order to "validate their fabricated arrest report." *Id.* at 7.  The allegations contained in DeCarolis' opposition do not establish he is factually innocent of his convicted crimes. *See Bously*, 523 U.S. at 623.  Furthermore, the allegations present the same arguments available to DeCarolis at trial and that he raised during his state post-conviction actions. *See* Exh. 87. DeCarolis' opposition does not provide any new evidence that would "undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.  DeCarolis fails to show he is actually innocent or that no reasonable juror would convict him in light of all the evidence. *Bously*, 523 U.S. at 623.  Accordingly, the court agrees with respondents that DeCarolis fails to demonstrate grounds 1A and 2A must be heard, despite independent and adequate state procedural bars, in order to avoid a fundamental miscarriage of justice. *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 2001).

Federal grounds 1A and 2A are, therefore, procedurally barred from federal review.

Respondents also point out that other parts of grounds 1A and 2A are duplicative of other grounds in the federal petition.  This court has compared the remaining claims in ground 1A (ECF No. 17, p. 3) and agrees that the claims are set forth with greater factual detail in ground 3K (*id.* at 43-44) and ground 4A (*id.* at 47-49).  Similarly, the remaining claims in ground 2A (*id.* at 11) are set forth with greater factual detail in grounds 3C and 3D (*id.* at 24, 26).

Accordingly, as discussed above, grounds 1A and 2A are dismissed as procedurally barred or duplicative of other grounds.

### b.  Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**Grounds 3F and 3H**

In ground 3F DeCarolis argues that his trial counsel was ineffective for failing to prepare David Kramer as a witness for the defense and this prejudiced petitioner (ECF No. 17, p. 16, 34).  This bare, conclusory claim is not sufficient to state a claim for habeas relief.

In ground 3H DeCarolis sets forth ten claims that trial counsel was ineffective:

(1) Counsel failed to investigate the woman known as Terri who rented that weekly apartment;

(2) Counsel failed to ask detectives why they never ran the woman known as Terri thru N.C.I.C.;

(3) Counsel failed to interview witnesses, take depositions, or even subpoena alibi witnesses that would have proved that petitioner had no reason, no motive, or intent to cash a fake check, commit burglary, forgery, or attempt theft;

(4) Counsel never reviewed the discovery with petitioner, never viewed the Walmart security video with petitioner, and never sat down to prepare petitioner for trial;

(5) Counsel never prepared the defense witness David Kramer before or during trial, and actually seemed a little upset that Mr. Kramer even showed up at trial;

(6) Counsel failed to investigate into Walmart store policy on check cashing, and so did the detectives based on the perjury they filed in their version of the arrest declaration;

(7) Counsel failed to investigate into the detectives' history of arrests, complaints, etc.;

(8) Counsel failed to order petitioner's mental health records, which would show A.D.D., bi-polar disorder, severe depression and hyper anxiety disorder;

(9) Counsel failed to investigate the arrest on contact order on police computers, which was brought to petitioner's attention by an arresting metro officer;

(10)      Counsel failed to review the security video and the fact that a photo copy was the only evidence used at trial of an expired driver's license that was never booked into evidence for some reason.

(ECF No. 17, pp. 38-40).  In grounds 3H(3) through 3H(5), DeCarolis does not set forth any factual allegations to demonstrate that he suffered prejudice.  Moreover, respondents are correct that these claims are based on the same legal theories as claims that are already raised in the federal petition (*see id.* at 3C, 3K, and 3F, pp. 24, 33-34).  DeCarolis failed to provide any specific factual allegations in the remaining claims in ground 3H.  Federal grounds 3F and 3H are dismissed as vague and conclusory.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 21) is **GRANTED**.  Grounds 1A, 2A, 3F and 3H are dismissed as set forth in this order.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered within which to file an answer to the remaining grounds in the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: 29 August 2016.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE